IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR LEJEUNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| RIGHTPOINT CONSULTING LLC and | ) |
| GENPACT LIMITED, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victor LeJeune ("Plaintiff" or "LeJeune"), by and through his attorney, Law Offices of Daniel Zemans, LLC, states for his Complaint against Rightpoint Consulting LLC ("Rightpoint") and Genpact Limited ("Genpact"), collectively referred to as "Defendants" as follows:

## INTRODUCTION

1. This three-count individual action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.*; and the Chicago Minimum Wage and Paid Sick Leave Ordinance, Chicago, Illinois, Municipal Code § 1-24-010, *et seq.* ("Chicago Wage Ordinance") for Defendants' failure to pay Plaintiff at one and one-half times his regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks.

## THE PARTIES

2. Plaintiff LeJeune is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employee as defined in 29 U.S. § 203(e) and 820 ILCS 105/3(d),

1

and a covered employee as defined in the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

3. Defendant Rightpoint Consulting LLC is incorporated in Illinois; is headquartered in this District; is an "enterprise" as defined in 29 U.S.C. § 203(r)(1); is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A); and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

4. Defendant Genpact Limited is incorporated in Bermuda; is headquartered in New York state; has an office in this District; is an "enterprise" as defined in 29 U.S.C. § 203(r)(1); is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A); and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

**JURISDICTION AND VENUE**

5. Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state and municipal law claims pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

7. Mr. LeJeune has worked for Rightpoint since on or around June 10, 2019.

8. On or around November 12, 2019, Rightpoint was acquired by Genpact Limited.

9. Mr. LeJeune continued to work for Rightpoint, although Genpact was involved in all policies governing his pay.

10. Mr. LeJeune has had two different job titles at Rightpoint, Operations Support Associate and Tech Support Technician, but his job duties have never changed.

11. Mr. LeJeune's job duties are and have always been simply to troubleshoot basic daily computer-related tasks for his coworkers such as resetting passwords or helping coworkers download the latest Windows update when they complained that their computers were slow and they had no idea how to address the problem.

12. Anything that required even nominally advanced computer knowledge or system access would be escalated to a skilled technician who could fix the issue. This includes issues such as an employee reporting they are unable to upload a file to internal processing or an employee wanting to set up their own DocuSign account.

13. Mr. LeJeune is not a computer systems analyst, a programmer, a software engineer or similarly skilled worker.

14. Mr. LeJeune has no advanced training in computers and, in terms of computer knowledge, his job requires the computer skills possessed by the typical American teenager.

15. Mr. LeJeune's position does not require the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

16. Mr. LeJeune's position does not require the design, development, documentation, analysis, creation, or modification of computer systems or programs.

17. Mr. LeJeune's position does not require the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

18. Mr. LeJeune was not a manager and had no supervisory duties at all.

19. All of Mr. LeJeune's work was done in Chicago, Illinois.

20. Rightpoint and Genpact are each enterprises whose annual gross volume of business done is not less than $500,000.

21. As companies with offices and clients all over the country, Rightpoint and Genpact are engaged in interstate commerce.

22. When Rightpoint hired Mr. LeJeune, the company classified him as an employee exempt from overtime pay requirements.

23. After Genpact bought Rightpoint, Mr. LeJeune continued to be paid by Rightpoint

24. Mr. LeJeune routinely worked more than 40 hours per week.

25. He was paid an hourly rate that was the same for the first 40 hours in a week and for the hours worked beyond 40 in a given week.

26. On January 20, 2021, Mr. LeJeune had a telephone conversation with Allison Beck from Human Resources at Rightpoint and Rex Choi, the IT Manager at Rightpoint, in which Ms. Beck told Mr. LeJeune that Genpact had examined his position and others in light of the "duties test" of the FLSA and determined that, going forward, Mr. LeJeune would be eligible for overtime pay.

27. That same day, the Genpact Human Resources team sent Mr. LeJeune a letter informing him that, going forward, he was going to be classified as non-exempt and would, going forward, get paid time and a half for all hours worked over 40 per week.

28. In that letter, Genpact falsely claimed that the change was due, in part, to recent regulatory changes. In fact, there were no recent regulatory changes that impacted the proper classification of Mr. LeJeune's position.

29. Genpact and Rightpoint had willfully misclassified Mr. LeJeune as being exempt for a year and a half.

30. Indeed, because he knew that nothing had changed in his job description, Mr. LeJeune reached out to Ms. Beck that same day to ask whether he would be getting back pay to compensate for the unpaid overtime wages the Defendants had unlawfully withheld over the previous 18 months. She said she would talk to Genpact legal and get back to him.

31. On February 3, 2021, the Genpact Human Resources team sent Mr. LeJeune a letter informing him they would issue a payment to him covering the 50% premium for all overtime hours from since June 10, 2019, his first day at Rightpoint.

32. In that letter, Genpact falsely claimed that the change in Mr. LeJeune's status from exempt to non-exempt was due to state and federal minimum wage changes.

33. In that letter, Genpact falsely claimed that they believed the change in status "does not necessarily reflect the type of work you were doing prior to this change."

34. In that letter, Genpact falsely claimed it "believes that you have been accurately and fully compensated for all hours worked to date."

35. In other words, Genpact told Mr. LeJeune that while they changed his status from exempt to non-exempt despite the fact that there had been no change in his job duties, he was not entitled to backpay, but that the company was going to go ahead and give it to him for no reason.

36. Additionally, Genpact attempted to make this payment only if Mr. LeJeune signed the letter acknowledging that "You agree that this amount, in addition to all payments previously paid to you since commencement of your employment with the company and that no other wages or sums are owing from Genpact at this time."

37. Genpact is aware of the fact that employees cannot waive their rights to overtime pay and damages under the FLSA, the IWML or the Chicago Minimum Wage Law.

38. Mr. LeJeune did not sign the letter and Genpact paid him the outstanding unpaid wages.

39. On February 8, 2021, Mr. LeJeune reached out to Ms. Beck in HR to ask about the liquidated damages he was owed under the FLSA due to Defendants' failure to pay overtime from June 2019 through January 2021.

40. On February 12, 2021, Ms. Beck, a Rightpoint employee acting on behalf of Rightpoint and Genpact, emailed Mr. LeJeune denying the request and repeating the false statement that the change in status was due to "recent regulatory changes" and that Genpact "was not required to pay you any back pay since you have already been properly compensated to date."

41. In addition to not paying Mr. LeJeune liquidated damages under the FLSA, the Defendants have also not paid him liquidated damages under the Chicago Minimum Wage Ordinance or the statutory penalties available under the IMWL.

42. The Defendants failure to pay all money owed to Mr. LeJeune was willful.

43. The only reason Defendants classified Mr. LeJeune as exempt and refused to pay his overtime wages was as a concerted effort to reduce labor and payroll costs.

44. At all times Mr. LeJeune worked for Rightpoint, Defendants managed Mr. LeJeune's work and the number of hours he worked.

45. At all times Mr. LeJeune worked for Rightpoint, Defendants dictated, controlled and ratified all policies and practices relating to Mr. LeJeune's employment.

46. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune had no authority to hire or fire other Rightpoint employees.

47. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune did not supervise or direct the work of other Rightpoint employees.

48. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune was expected to follow established company protocols in carrying out his duties.

49. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune was not permitted to incur expenses on Rightpoint's behalf without a supervisor's approval.

50. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune was not permitted to set or establish new policies or practices without a supervisor's approval.

51. At all times Mr. LeJeune worked for Rightpoint, Mr. LeJeune's job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

52. Mr. LeJeune routinely worked over 40 hours per week.

53. Defendants were aware that Mr. LeJeune worked over 40 hours per workweek because, among other ways, Defendants required Mr. LeJeune to track all of his hours in a computer system, Open Air.

54. Rightpoint did not pay Mr. LeJeune any overtime premium wages for work hhe performed in excess of forty (40) hours per week until January 2021.

55. As a result of Rightpoint's improper and willful misclassification of Mr. LeJeune he suffered lost wages and other damages.

**COUNT I – Violation of the Fair Labor Standards Act**
**(against all Defendants)**

56. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

57. Defendants were employers as defined by 29 U.S.C. § 203(d).

58. LeJeune was an employee as defined by 29 U.S.C. § 203(e)(1).

59. The compensation that Rightpoint paid Mr. LeJeune were "wages" as defined by 29 U.S.C. § 203(m).

60. Rightpoint and Genpact are each an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

61. Mr. LeJeune, by virtue of his job, was at all relevant times, an individual who affected commerce within meaning of the FLSA. 29 C.F.R. § 552.3, 29 C.F.R. § 552.6, and 29 C.F.R. § 552.9.

62. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for their failure to pay LeJeune at the overtime rate for all hours worked in excess of forty (40) per workweek.

63. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, was a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

64. Defendants' failure to pay Mr. LeJeune the statutory damages to which he is entitled even after Defendants belatedly paid Mr. LeJeune his unpaid overtime premiums.

65. Mr. LeJeune has been harmed as a direct and proximate result of the unlawful conduct described herein, because he has been deprived of wages owed for work he performed from which Rightpoint and Genpact derived a direct and substantial benefit.

66. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Mr. LeJeune all wages mandated by the FLSA.

**WHEREFORE** Plaintiff Victor LeJeune respectfully requests the entry of judgment in his favor and against Defendants as follows:

A. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

B. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

C. Awarding reasonable attorneys' fees and costs incurred in filing this action;

D. Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

E. All other relief this Court deems just and proper.

### COUNT II – Violation of the Illinois Minimum Wage Law
### (against all Defendants)

67. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

68. Defendants were employers as defined by 820 ILCS 105/3(c).

69. LeJeune was an employee as defined by 820 ILCS 105/3(d).

70. The compensation that Rightpoint paid Mr. LeJeune were "wages" as defined by 820 ILCS 105/3(b).

71. This Count arises from Defendants' violations of the IMWL, 820 Ill. Comp. Stat. § 105/1, et seq., for their failure to pay LeJeune for all hours worked, specifically including compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

72. LeJeune was entitled to be compensated for all work performed, including payment at the appropriate overtime rate for hours worked in excess of forty (40) hours per week.

73. Defendants' failure to timely pay LeJeune overtime wages at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

74. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, was a willful violation of the IMWL, since Defendants' conduct shows that they either knew that their conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

75. Mr. LeJeune has been harmed as a direct and proximate result of the unlawful conduct described herein, because he was deprived of wages owed for work he performed from which Rightpoint derived a direct and substantial benefit.

76. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Mr. LeJeune all wages mandated by the IMWL.

**WHEREFORE** Plaintiff Victor LeJeune respectfully requests the entry of judgment in his favor and against Defendants as follows:

A. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

    B.    Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

    C.    Awarding reasonable attorneys' fees and costs incurred in filing this action;

    D.    Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.; and

    E.    All other relief this Court deems just and proper.

**COUNT III – Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance**
**(against all Defendants)**

77.    Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

78.    Defendants are employers as defined by Chicago, Illinois, Municipal Code § 1-24-010.

79.    LeJeune was, during all relevant times, a covered employee as defined by Chicago, Illinois, Municipal Code § 1-24-010.

80.    The compensation that Rightpoint paid Mr. LeJeune were "wages" as defined by Chicago, Illinois, Municipal Code § 1-24-010.

81.    This Count arises from Defendants' violations of Chicago, Illinois, Municipal Code § 1-24-010, *et seq.*, for their failure to pay LeJeune for all hours worked, specifically including compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

82.    LeJeune was entitled to be compensated for all work performed, including payment at the appropriate overtime rate for hours worked in excess of forty (40) hours per week.

83. Defendants' failure to pay LeJeune overtime wages at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the Chicago, Illinois, Municipal Code § 1-24-010, *et seq.*.

84. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, was a willful violation of the Chicago Wage Ordinance, since Defendants' conduct shows that they either knew that their conduct violated the Chicago Wage Ordinance or showed reckless disregard for whether their actions complied with the Chicago Wage Ordinance.

85. Mr. LeJeune has been harmed as a direct and proximate result of the unlawful conduct described herein, because he was deprived of wages owed for work she performed from which Rightpoint derived a direct and substantial benefit.

86. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Mr. LeJeune all wages mandated by the Chicago Wage Ordinance.

**WHEREFORE** Plaintiff Victor LeJeune respectfully requests the entry of judgment in his favor and against Defendant as follows:

A. Awarding judgment in an amount equal to three times the amount of all unpaid back pay owed to Plaintiff and pursuant to the Chicago Wage Ordinance (less any money already paid);

B. Awarding reasonable attorneys' fees and costs incurred in filing this action;

C. All other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

                                              Respectfully submitted,

**Dated:** April 2, 2021            **Victor LeJeune**

                                              /s/ Daniel Zemans

                                              _____
                                              By: Attorney for Plaintiff

Daniel Zemans
Law Offices of Daniel Zemans, LLC
2023 W. Berteau #1
Chicago, IL 60618
Phone: (773) 706-7767
Email: dzemans@zemans-law.com